UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEITH ALLISON, et al.,

            Plaintiffs,

   v.

CITIZENS FOR AFFORDABLE DENTURISTS, et al.,

            Defendants.

CASE NO. C06-1761JLR

ORDER

      This matter comes before the court on a motion for a more definite statement from the State Defendants[1] (Dkt. # 4). The court GRANTS the motion. Plaintiffs' complaint does not meet the requirements of Rule 8(a) or Rule 11 of the Federal Rules of Civil Procedure. Plaintiffs may amend their complaint to correct the deficiencies outlined below. If they fail to do so by **March 1**, **2007**, the court will dismiss the case.

      In order to comply with Rule 8(a), Plaintiffs' complaint must set forth a "short and plain" statement that shows that they are entitled to relief and that this court has

---

[1] The court refers to "the State Defendants" in the collective as those individual and organizational Defendants that the Attorney General of Washington represents. See Notice of Appearance (Dkt. # 2).

ORDER – 1

jurisdiction over the action.  See Fed. R. Civ. P. 8(a).  Because Plaintiffs are proceeding pro se, the court construes their pleadings liberally.  Still, at the very least, their complaint must provide the 86 named Defendants with fair notice of the particular claims asserted against them.  See Brazil v. United States Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995).[2]  That is, the complaint should tie each alleged act of wrongdoing to a particular claim asserted by a particular plaintiff against a particular defendant.  See McHenry v. Renne, 84 F.3d 1172, 1179-80 ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

Further, by failing to sign the complaint, the majority of Plaintiffs have not complied with Rule 11 of the Federal Rules of Civil Procedure.  Any person listed on the caption of the complaint who wishes to pursue this lawsuit must sign the complaint.  See Fed. R. Civ. P. 11.  By signing a pleading, an individual certifies to the court that she has read it, that it is well-grounded in fact, that her claims have a colorable basis in law, and that she has not filed the pleading for any improper purpose.  Id.; see Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir. 1994).  Plaintiffs Keith Allison and Claude Edlin cannot make this representation to the court on behalf of twenty-five other individuals.  As non-attorneys, Mr. Allison and Mr. Edlin may appear on their own behalf; however, they cannot appear on behalf of anyone else.  See C.E. Pope Equity Trust v. United States, 818

---

[2]The court advises Plaintiffs that an amended pleading operates as a *complete* substitute for an original pleading.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, if Plaintiffs choose to file an amended complaint, the court will not consider the original complaint.  The court further notes that it has reviewed Plaintiffs' recent 116-page "Response" to the State Defendants' motion, which appears to be an amended complaint (Dkt. # 13).  If Plaintiffs intend to file this pleading as their amended complaint, the court cautions them that this additional filing also fails to comply with the federal rules.

ORDER – 2

F.2d 696, 697-98 (9th Cir. 1987).  The court appreciates that it is difficult to organize 27 different pro se parties that are geographically distant.  This is not, however, an excuse for failing to comply with Rule 11.

    Lastly, the court advises Plaintiffs that sending letters to the court is not the appropriate vehicle for making arguments or presenting facts.  The proper procedure for requesting relief from the court is to file a motion and serve it on the Defendants so that they may have an opportunity to respond.  The court expects Plaintiffs to consult with the Local Rules and the Federal Rules of Civil Procedure in the future.

    The court directs the clerk to mail Plaintiffs a copy of this order.

    Dated this 30th day of January, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 3