UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEITH ALLISON, et al.,

        Plaintiffs,

   v.

CITIZENS FOR AFFORDABLE DENTURES, et al.,

        Defendants.

CASE NO. C06-1761JLR

ORDER GRANTING MOTIONS TO DISMISS

This matter comes before the court on motions to dismiss by several Defendants: the American Dental Association ("ADA") (Dkt. # 41), the Washington State Denturist Association and certain individual Defendants ("WSDA") (Dkt. # 45), and the individual and organizational Defendants represented by the Attorney General of Washington ("State Defendants") (Dkt. # 47). In response, Plaintiffs have filed a number of papers, some labeled as responses and some labeled as motions (Dkt. ## 46, 52, 53, 54, 59, 62). The court denied Plaintiffs' unaffiliated motions that failed to request a cognizable form of relief (Dkt. ## 58, 60). A week after the motions to dismiss were noted for consideration, Plaintiffs filed a "Motion to add supporting data to Plaintiffs Motion File" (Dkt. # 63) and a motion for summary judgment (Dkt. # 65).

ORDER GRANTING MOTIONS
TO DISMISS – 1

The court has reviewed all the papers filed in this case. It GRANTS Defendants' motions to dismiss with prejudice (Dkt. ## 41, 45, 47), DISMISSES this case in its entirety, and STRIKES as moot Plaintiffs' later-filed motions (Dkt. ## 63, 65).

## I. BACKGROUND

Pro se Plaintiffs would like to make dentures without being licensed to do so, thereby violating Chapter 18.30 of the Washington Revised Statutes. Thus, at the heart of this matter, is Plaintiffs' allegation that over 80 named Defendants improperly advocated for licensing requirements, enacted the denturist legislation, and enforced Washington law. Sec. Am. Compl. at 10 (Dkt. # 38). As for relief, Plaintiffs ask for, among other things, $800 million in damages, removal of the relevant state officials (including the governor and the state attorney general), and a prohibition on those officials from ever working for the government again. *Id.* at 19-22.

Consistent with the court's duty to construe pro se litigants' pleadings liberally, the court twice declined to dismiss the action and instead identified Plaintiffs' pleading deficiencies with suggestions on how to correct them. April 30, 2007 Order at 2-3 (Dkt. # 32); January 30, 2007 Order at 2-3 (Dkt. # 17). In its last order on the issue, the court noted that Plaintiffs would be afforded "one final opportunity to file a complaint that complies with Rule 8 of the Federal Rules of Civil Procedure." April 30, 2007 Order at 2.

Defendants now move to dismiss because Plaintiffs' second amended complaint suffers from the same deficiencies as the previous two (Dkt. ## 1, 22) and fails to state a claim for which relief can be granted. The ADA contends that any conspiracy claims are barred by the applicable statute of limitations and that the estates should be dismissed as Plaintiffs. ADA Mot. at 9-10. The WSDA argues expiration of the statute of limitations and improper service of the summons and the complaint. WSDA Mot. at 5-6. The State

ORDER GRANTING MOTIONS
TO DISMISS – 2

Defendants argue that it is unclear which Plaintiffs have signed on to the second amended complaint. State Defs.' Mot. at 4-5.

## II. ANALYSIS

The court directed Plaintiffs to amend their conclusory allegations in order to put Defendants on notice of the factual basis giving rise to such claims. April 30, 2007 Order at 2. "That is, in addition to specifying *who* did what to *whom*, Plaintiffs must include a concise and clear factual basis for their claims – i.e., *what* happened and *when* it happened." *Id.* This Plaintiffs have not done. The court would be justified in dismissing Plaintiffs' action on this basis alone. *See* Fed. R. Civ. P. 8(a); *see, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming dismissal of plaintiff's complaint for failure to comply with court's order requiring a more definite statement).

Furthermore, the court cannot discern how any of the Defendants have violated Plaintiffs' rights by advocating for, enacting, or enforcing the legislation that regulates denturists. Although Plaintiffs aver broadly to a "conspiracy" by which Defendants prevented their open-ended right to earn money as unlicensed denturists, Plaintiffs have not alleged facts that would lead to a cognizable violation of state or federal law. *See* Sec. Am. Compl. at 8-19. At most, Plaintiffs challenge the constitutionality of RCW § 18.30 without suggesting how the statutory scheme is legally deficient. Thus, in addition to dismissing this case under Federal Rule of Civil 8(a), the court also dismisses the action under Rule 12(b)(6).

**A. Standard of Review**

The court may dismiss an action under Federal Rule of Civil Procedure 12(b)(6) based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Although the court construes the pleadings of pro se litigants liberally, it

ORDER GRANTING MOTIONS
TO DISMISS – 3

may not supply essential elements to the complaint that have not been initially alleged. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). Although the court takes factual allegations in a complaint to be true, those allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

Legislative classifications are presumed to be constitutional, and the burden of showing a statute to be unconstitutional is on the challenging party, *not* on the party defending the statute. *New York State Club Ass'n v. City of New York*, 487 U.S. 1, 17 (1988); *State Fin. Comm. v. O'Brien*, 711 P.2d 993, 993 (Wash. 1986) (holding that statutes are presumed to be constitutional and that the challenger bears a heavy burden to overcome that presumption). "[A]ny reasonable doubts are resolved in favor of constitutionality." *Washington Fed'n of State Employees v. State*, 901 P.2d 1028, 1034 (Wash. 1995); *see New York State Club Ass'n*, 487 U.S. at 17 (noting that those challenging the legislative judgment must convince the court that the legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the government decisionmaker).

**B. Regulation of Denturists**

In 1994, the voters passed Initiative 607, allowing persons other than dentists to make and sell dentures. 1995 Wash. Laws Ch. 1; *see Charron v. Miyahara*, 950 P.2d 532, 534 (Wash. Ct. App. 1998). The initiative also created a new regulatory Board of Denture Technology, added a new chapter governing denturists (RCW § 18.30), and

ORDER GRANTING MOTIONS
TO DISMISS – 4

amended several sections of the Uniform Disciplinary Act to include denturists. *See* 1995 Wash. Laws Ch. 1; *Charron*, 950 P.2d at 534. The Department of Health issues and denies denturist licenses, governs unauthorized practice, and disciplines licensed denturists. RCW § 18.30.135.

Plaintiffs attack the ADA and WSDA for advocating policies that require denturists to be licensed, and various state officials for participating in this "conspiracy" by enacting legislation or regulating the licensing of denturists. For example, Plaintiffs refer to unnamed persons from the WSDA who, at an unspecified time and place, purportedly attempted to extort money from unidentified Plaintiffs to support Initiative 607. Sec. Am. Compl. at 11. Similarly, Plaintiffs allege that a state legislator sought to have denturists be subject to licensing. *Id.* at 14. Such factual allegations do not give rise to a cognizable cause of action simply by being attached to a litany of purported violations.[1]

Plaintiffs were not deprived of their constitutional or other rights by the enactment of RCW § 18.30. Examining the field of dentistry, Washington courts have held that the state may reasonably exercise its police power by regulating those who make dentures. *State v. Anderson*, 338 P.2d 740, 742 (Wash. 1959); *see Gebbie v. Olson*, 828 P.2d 1170, 1173-74 (Wash. Ct. App. 1992) (holding that *Anderson* still controls). The Washington Supreme Court noted:

> We believe the public interest demands assurance that the experienced and tested eyes and guiding hands of a licensed practitioner should control the use of prosthetics from manufacture to mastication, under familiar principles of agency and the police power, where authority and

---

[1] For example, Plaintiffs contend an equal protection violation but fail to allege facts suggesting that RCW § 18.30 fails to treat people similarly situated in the same manner. Sec. Am. Compl. at 21; *see City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).

ORDER GRANTING MOTIONS
TO DISMISS – 5

responsibility more nearly can contribute to the health and safety of the community.

*Anderson*, 338 P.2d, at 742 (internal citations and quotations omitted).

The court therefore rejects Plaintiffs' contention that the state cannot regulate denturists under RCW § 18.30. *See id.*; *Gebbie*, 828 P.2d at 1173-74; *cf. Charron*, 950 P.2d 532 (presuming constitutionality of denturist statutes and proceeding to examine its later amendments in this light). In addition to dismissing this case under Federal Rule of Civil Procedure 8(a), the court dismisses this case under Rule 12(b)(6) for failure to state a claim for which relief can be granted.

## III. CONCLUSION

For the reasons stated, the court GRANTS Defendants' motions to dismiss (Dkt. ## 41, 45, 47). The court DISMISSES this action with prejudice. The court STRIKES as moot all pending motions.

Dated this 2nd day of October, 2007.

JAMES L. ROBART
United States District Judge

ORDER GRANTING MOTIONS
TO DISMISS – 6