UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                    )
                                                    )
KEITH ALLISON, *et al.*,              )
                                                    )   No. C06-1761JLR
           Plaintiffs,              )
                                                    )
           v.                                    )
                                                    )   ORDER
CITIZENS FOR AFFORDABLE   )
DENTURES, *et al.*,                    )
                                                    )
           Defendants.           )
                                                    )
_____ )

        This matter comes before the Court under Local General Rule 8(c). Plaintiffs have filed a "Motion for Recusal of Judge James L. Robart" (Dkt. # 71), and Judge Robart has declined to recuse himself voluntarily (Dkt. # 72). Plaintiffs' motion is therefore ripe for review by this Court.

        Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: **"**Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such

ORDER

proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); See also In Liteky v. United States, 510 U.S. 540 (1994) (explaining the narrow bases for recusal).

A litigant may not, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).[1] Plaintiffs argue that Judge Robart's rejection of their claims (the action was dismissed on October 2, 2007) must be the result of "judicial prejudice" given the evidence they provided in this case. Plaintiffs do not identify any extrajudicial source of the alleged prejudice: the only evidence of bias presented is the judge's rejection of plaintiffs' claims. In such circumstances, the risk that the litigant is using the recusal motions for strategic purposes is considerable. See Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913). Because a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties as the presiding judicial officer, plaintiffs have not met their burden of showing an appearance of bias.

---

[1] Objections to a judge's decisions are properly raised through an appeal, not a motion to recuse.

ORDER        -2-

1   Having reviewed plaintiffs' motion and the remainder of the record, the Court
2 finds that Judge Robart's impartiality cannot reasonably be questioned. There being no evidence
3 of bias or prejudice, plaintiffs' request to remove Judge Robart from this matter is DENIED.

6   DATED this 16th day of October, 2007.

/s/ Robert S. Lasnik
Robert S. Lasnik
Chief Judge, United States District Court

ORDER                    -3-